# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 12 |
| DAVID JOHN BRYNGELSON, ) | |
| ) | Bankruptcy No. 15-00704 |
| Debtor. ) | |

## MEMORANDUM AND ORDER RE:
## MOTION TO DISMISS FOR CAUSE

The matter comes before the Court on Creditor Ashton State Bank's (the "Bank") Motion to Dismiss under 11 U.S.C. § 109(g)(1). Creditor Cooperative Elevator Association, the Trustee, and the United States Trustee also joined in the Bank's Motion to Dismiss. Debtor resisted. The Court heard this matter in Sioux City, Iowa on June 9, 2015. Jeremy Saint appeared for Ashton State Bank. Jacob Natwick appeared on Cooperative Elevator Association's behalf. Carol Dunbar appeared as the Chapter 12 Trustee. Michael Sands appeared for Debtor. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

### STATEMENT OF THE CASE

The Bank argues that Debtor cannot proceed with this case because it was filed less than 180 days after the dismissal of Debtor's prior bankruptcy case for "willful failure to abide orders of the Court, or to appear before the Court in proper prosecution of the case." 11 U.S.C. § 109(g)(1). Debtor resists the dismissal,

1

partially based on arguments related to judicial economy. The Court concludes that dismissal is proper in this case.

## FINDINGS OF FACT

Debtor filed his first voluntary Chapter 12 petition on October 10, 2014. Bankruptcy No. 14-01566. The Bank immediately filed a Motion for Relief from Stay. The motion noted ongoing state court proceedings and argued that the Debtor did not have the ability to successfully reorganize. Creditor Cooperative Elevator Association filed a Joinder in the Motion for Relief from Stay and Farm Credit Services of America, PCA filed its own Motion for Relief from Stay. The Court granted the Bank's request for an expedited final hearing on the Motion for Relief from Stay.

The Court held an evidentiary hearing on this matter on December 10, 2014. At the conclusion of the evidence, the Court indicated that it would give Debtor the benefit of the doubt and provide only partial relief from the stay to the creditors. The Court did not issue a ruling at that time but instead took the matter under advisement. The parties, after some brief discussion both on and off the record, agreed to a resolution of the matter and informed the Court that they would submit a proposed order. The Court signed the order on December 11, 2014.

Several additional matters related to issues raised in the Motion for Relief from Stay came before the Court on an emergency basis in the following weeks. These issues addressed the health of Debtor's cattle herd, the return of animals improperly taken under the terms of the stay order, and other related matters. The Court noted that it was still willing to allow Debtor to file a plan to move the case forward. On January 8, 2015, Debtor filed his Chapter 12 plan. The Court immediately set a bar date for objections to confirmation and scheduled a confirmation hearing.

On February 20, 2015, Debtor's attorney filed a Motion to Withdraw, citing a breakdown in communication with his client. On February 27, 2015, the Court held a hearing on the Motion to Withdraw. After the hearing, the Court entered an order approving the withdrawal of Debtor's counsel. Debtor was on the phone during the telephonic conference. He understood that he needed to seek new counsel immediately. He knew of the approaching deadlines.

A plan confirmation hearing was set for March 10, 2015. On March 6, 2015, the Trustee filed a Motion to Continue the confirmation hearing, noting Debtor's desire to have counsel present. The motion also indicated that Debtor had already been in contact with three different lawyers about representing him. The Trustee's Motion to Continue stated that the Bank did not agree to the continuance. The

Trustee also noted that two other creditors were not opposed to a continuance. However, these creditors believed that the confirmation hearing should be held nonetheless to understand the position of the case and have Debtor further report on retaining counsel. The Court denied the Motion to Continue.

The Court held the confirmation hearing in Sioux City, Iowa on March 10, 2015. Debtor appeared pro se. Creditors Ashton State Bank, Cooperative Elevator Association, and Farm Credit Services of America, PCA, as well as the Chapter 12 Trustee, all appeared for the confirmation hearing. All parties objected to Debtor's proposed Plan.

At the confirmation hearing, Debtor noted that he was still looking for an attorney. He specifically stated that he did not want the pending plan filed by his previous counsel to move forward. He no longer supported the original plan.

At the confirmation hearing, the Chapter 12 Trustee pointed out deficiencies in several of Debtor's filings. The Court asked Debtor whether he intended to move forward with the case given the withdrawal of the plan and the lack of adequate filings. Debtor requested a short amount of additional time to get an attorney.

Debtor understood clearly that he needed to have an attorney to move forward. Debtor also understood that the Court had either ruled against the other

4

creditors, and/or ruled in his favor, on several preliminary matters. The Court informed Debtor in no uncertain terms that he needed to have counsel in the case with him or file his own plan and other delinquent paperwork. The Court confirmed with Debtor that he understood the necessity of hiring a lawyer or filing additional paperwork himself to continue moving forward in the case. Debtor indicated that he understood. The Court further pointed out that Debtor's creditors again asked the Court to dismiss the case for failure to have a confirmable plan on file. The Court declined to dismiss the case because the Court wanted to give Debtor a chance to put a plan together.

The Court held the telephonic status conference on this case the following week, on March 19, 2015. Neither Debtor nor counsel for Debtor appeared. The Clerk's Office Staff received notice from a third party that the Debtor would not be on the phone call just minutes before the telephone conference was held. The third party stated that Debtor was attending a funeral. Debtor did not file for a continuance or otherwise indicate any intention to continue forward in the case.

The message the Court received also said nothing about Debtor hiring an attorney, or the status of the attempts to hire an attorney. Debtor provided no information about the required amendments to the schedules or whether he had any

plan to move forward. Debtor's representative that called the Court simply said that Debtor would not be attending the status conference.

The Court held the hearing in Debtor's absence. The creditors renewed their request that the Court dismiss the case. The Court made a brief record about what it told Debtor at the prior hearing, noting that the Court specifically stated that Debtor should either get an attorney or complete the paperwork himself. The Court then dismissed the case for Debtor's failure to follow the Court order or otherwise prosecute the case. The Court entered the Order of Dismissal on March 19, 2015, one month after Debtor's attorney had asked to withdraw as Debtor's counsel.

Debtor filed nothing in the case until roughly a month later. On April 22, 2015, Debtor retained new counsel who filed a Motion to Vacate the Order of Dismissal and requested reinstatement of the case. Creditors objected to the Motion to Reinstate and argued that they were already moving forward under the order that they received from the state court before the bankruptcy filing. After a hearing on the Motion to Reinstate, the Court denied the Motion.

Nearly three weeks later (May 12, 2015), Debtor filed the current Chapter 12 case, Bankruptcy No. 15-00704. By the Court's count, this filing occurred less than 60 days after dismissal of the previous Chapter 12 for failure to follow a Court order or otherwise prosecute the case. Creditor Ashton State Bank, joined by

Cooperative Elevator Association and the United States Trustee, moved for dismissal citing 11 U.S.C. § 109(g)(1). That section states that a debtor cannot refile within 180 days of the previous case if it was dismissed for willful failure to follow a court order or otherwise prosecute the case. The Creditors noted that Debtor's new case was filed within 54 days of the dismissal of the previous case. The Creditors also point out that the Court specifically noted that it was dismissing the case for Debtor's failure to attend a hearing and Debtor's failure to follow Court orders.

The Court set the Motion for Dismissal for an in-court hearing in Sioux City, Iowa on June 3, 2015. Debtor did not file any resistance until the day of the hearing. In that resistance, Debtor argued that his failure to follow Court orders was not "willful" and noted the Court made no finding of willfulness. He also argued that he had not received proper service of the hearing notice.

As the Court noted at the hearing, the Court had given Debtor the benefit of the doubt several times already in the previous case. The Court specifically noted that when Debtor appeared pro se, in person, for the Chapter 12 confirmation hearing, the Court made it very clear to Debtor what he would need to do to continue with his bankruptcy. Over the objections of the Creditors in attendance, arguing for either dismissal or immediate lifting of the automatic stay because Debtor no longer

7

had a viable plan, the Court provided Debtor one more opportunity to move forward in the case.

The Court also noted that it told Debtor at the time his previous attorney withdrew that he would need to file his own papers and make his own appearance in the case or retain new counsel. The Court made sure Debtor understood his responsibilities. At the time of the confirmation hearing, Debtor specifically told the Court that he was in the process of trying to obtain new counsel. The Court noted that because Debtor indicated he was very close to finding new counsel, and Debtor believed he could get this done within a week, the Court would order a status conference by telephone to determine if this had been accomplished.

The Court noted, in very clear terms, that in spite of speaking directly to Debtor in Court and letting him know where things stood, Debtor did not appear at the status conference hearing. He filed nothing to indicate he would not be appearing or that he had a need for a continuance. At most, Debtor had someone contact the Clerk's Office moments before the hearing to let them know Debtor would not be attending the hearing because he was attending a funeral. Debtor provided no information to the Court that he had retained new counsel. He provided no information to the Court about a future plan or additional filings. He simply did not attend the hearing.

Debtor's new counsel requested the opportunity to respond to the Court's comments at the Motion to Dismiss hearing. The Court provided all parties with time to file responses. Counsel for Debtor filed his response noting Debtor's apologies to the Court for failure to appear, failure to communicate about the reason for the failure to appear, and to otherwise apologize to the Court for showing disrespect.

## CONCLUSIONS OF LAW

In ruling on this matter, the Court specifically notes that it has no anger or ill-will towards Debtor. As the Court noted in the hearing on this matter, the Court had provided some accommodations to Debtor when he appeared at the time of confirmation hearing pro se. At the hearing for the Motion to Dismiss, the Court noted only that it was not prepared to provide additional accommodations when Debtor simply ignored the Court proceeding. The Court noted in that hearing, as it reiterates here, the only issue before the Court is whether Debtor's previous action can be considered a willful failure to follow Court orders or otherwise to prosecute his case.

As noted above, the applicable language of 11 U.S.C. § 109 includes:

(g)   . . . no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

9

>    (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case.

11 U.S.C. § 109(g)(1).

The Court finds a willful failure to follow a Court order here and willful failure to appear before the Court in proper prosecution of the case. The Court believes these findings are supported by the above record. The Court finds that the express requirements of § 109(g)(1) are satisfied and the 180-day bar must apply.

The Court would only further point out that, as it was stated in open court, the 180-day bar is a specific statutory penalty, but not a severe penalty or a finding that questions Debtor's good faith. Other courts have specifically noted that a penalty in excess of 180-days can be imposed in these more serious circumstances. In re Casse, 198 F.3d 327, 337–38 (2d Cir. 1999). The Court has not entertained, nor will it entertain, any arguments about additional prohibitions applied to Debtor's ability to file bankruptcy.

In making this ruling, the Court specifically rejects Debtor's argument that the failure to specify a "willful" violation of a Court order in dismissing the previous case has meaning relevant to this case. There is simply no need to specify whether the violation is "willful" until the issue is raised under § 109(g)(1) when a second

10

case is filed.  In re Montgomery, 37 F.3d 413, 415 (8th Cir. 1994); In re Tolbert, 255 B.R. 214, 216–17 (B.A.P. 8th Cir. 2000).

The Court also rejects Debtor's argument about inadequate service.  The Court finds that service was entirely appropriate and sufficient under the record established.  As the Court noted in the hearing on the Motion to Dismiss, the Court specifically provided Debtor with actual notice of the hearing and his requirements to attend.  The Court further specifically told Debtor the particular things he would need to carry out to satisfy objections and avoid dismissal.  The Court finds that these specific and clear instructions provided Debtor with all the notice he needed to understand the consequences.

For the above reasons, the Court finds that Debtor's filing should be dismissed under 11 U.S.C. § 109(g)(1).

**WHEREFORE**, this case is DISMISSED.

Dated and Entered:

July 8, 2015

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE